But for three exceptions to the rationale of the Court of Criminal Appeals in Hall v. State, 820 So.2d 113 (Ala.Crim.App. 1999), I concur in the main opinion. The correct rationales on these three issues, as I analyze them, would not change the result.
The defendant Hall offered the testimony of one Johnny Cook, who was codefendant Travis's fellow prison inmate during a time when Travis was incarcerated on other charges before Haskew's murder. According to defendant Hall, Cook would have testified that, during his period of confinement, "Travis had said that he was going to kill a former teacher when he was released from prison." Hall v. State, 820 So.2d at 134. The trial court excluded this testimony, and the defendant claimed error. While the Court of Criminal Appeals was correct in affirming the judgment of the trial court, part of the rationale of the Court of Criminal Appeals is problematic.
On the one hand, Cook's testimony, as proffered, would have been too oblique and inconclusive on the material issues for the exclusion of the testimony to constitute reversible error. The testimony would *Page 158 
have confused the issues without tending to negate the defendant's own intent to kill Haskew and without substantially tending to prove Travis's domination of the defendant. On the other hand, the rationale of the Court of Criminal Appeals in approving the exclusion of Cook's testimony is flawed by the statement, "Moreover, Hall's flight from the Shiver house tended to show a consciousness of guilt." Hall v. State, 820 So.2d at 135. To the questionable extent that flight is probative at all to show consciousness of guilt, it shows only a general consciousness of guilt. The defendant did not offer Cook's testimony to disprove categorically the defendant's participation in the crime, but only to prove a lesser degree of guilt. The defendant's flight does not tend show the maximum degree of guilt as distinguished from a lesser degree. Thus, flight is irrelevant to this issue.
I further disagree with the suggestion by the Court of Criminal Appeals that the existence of "ample evidence which showed that Hall and Travis were both active participants in the burglary-murder," 820 So.2d at 135, rendered Cook's testimony about Travis's out-of-court declarations inadmissible. Had Cook's testimony been probative and relevant on the issue of the degree of defendant Hall's participation in the burglary-murder, it would have been admissible notwithstanding the evidence of the State to the contrary. One of a defendant's more important rights at trial is to introduce evidence in opposition to that introduced by the State.
Finally, I disagree with the citation in the opinion of the Court of Criminal Appeals to the case of Sneed v. State, 783 So.2d 841
(Ala.Crim.App. 1999), for the proposition that Sneed's "absence from in-chambers hearing concerning redaction of statements . . . was not error." Our case of Ex parte Sneed, 783 So.2d 863 (Ala. 2000), reversedSneed v. State on the ground that the redaction of Sneed's statement changed its meaning in a way that prejudiced him and violated his Fifth Amendment rights by exceeding the scope of his waiver of those rights. Had we not reversed Sneed v. State for the illegal redaction — that is, had we approved the redaction itself — we would have been confronted with a substantial issue whether a defendant may be excluded from a hearing where a statement he has made is redacted and thereby changed to any appreciable extent to be attributed to the defendant and introduced against him. A defendant has Fifth Amendment and Sixth Amendment rights to participate in any proceeding where his own words will be changed for attribution to and evidence against him.